UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00170

**John A. Grimes,**
*Plaintiff,*

v.

**TDCJ-CID Director et al.,**
*Defendants.*

**O R D E R**

Plaintiff John A. Grimes, a prisoner confined within the Texas Department of Criminal Justice proceeding pro se, filed this civil-rights proceeding pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love.

On September 16, 2024, the magistrate judge issued a report (Doc. 25) recommending that defendant's motion to dismiss or alternatively strike (Doc. 16) be denied, a Rule 11 warning issue against defendant for ignoring the mailbox rule, and that plaintiff's civil-rights proceeding be dismissed with prejudice. Both parties filed objections. Docs. 27, 28.

When timely objections to a magistrate judge's report and recommendation are filed, the court reviews them de novo. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). For the following reasons, both parties' objections are overruled.

**I. Plaintiff's objections**

Plaintiff alleges that his incarceration—by subjecting him to prison disciplinary rules—interferes with his religious beliefs and his right to exercise his religion because he is free and forgiven. The magistrate judge determined, among other things, that the forms of religious exercise on which plaintiff relies—dwelling with his wife, traveling to baptize others and teach scripture, giving gifts, and owning his own trucking company—are inconsistent

with his status as a prisoner and with the state's legitimate penological objectives. Doc. 25 at 8 (first citing *Turner v. Safley*, 482 U.S. 78, 89 (1987); and then citing *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995)). The First Amendment therefore does not guarantee plaintiff, a convicted offender, the right to engage in those activities.

On objection, plaintiff states that he is not a convicted offender or a prisoner, that his religion is a claim upon which relief may be granted, and that all of his sins have been forgiven. Doc. 27. He also objects to the report because "it would force [him] to support and participate in a ministry of law as opposed to [his] belief in God's ministry of grace and mercy." *Id.* at 2.

Plaintiff's objections confirm the accuracy of the magistrate judge's report: his lawsuit fails to state a claim upon which relief may be granted and is frivolous. Contrary to plaintiff's contentions, he does not have an "absolute right" to exercise his religion in any fashion he chooses while incarcerated. *See Turner*, 482 U.S. at 89–91; *Cornerstone Christian Schs. v. Univ. Interschol. League*, 563 F.3d 127, 135 (5th Cir. 2009) ("The government does not impermissibly regulate religious belief, however, when it promulgates a neutral, generally applicable law or rule that happens to result in an incidental burden on the free exercise of a particular religious practice or belief." (citing *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993))). Other than release from incarceration, plaintiff does not allege that there is any way to accommodate his preferred religious practices.[1]

Plaintiff's lawsuit is also barred by res judicata because all of his claims arise out of the same nucleus of operative facts

---

[1] If he wants to seek release from incarceration, then the proper vehicle is habeas after exhaustion of state remedies, not § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("we hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

underlying his previous action. *See Houston Prof'l Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016) (stating the test).

Plaintiff argues in his objections that his claims in this action are different from those previously dismissed by this court with prejudice. *See Grimes v. Director, TDCJ-CID*, No. 6:23-cv-00406 (E.D. Tex. Apr. 15, 2024). Specifically, he urges that he "believes and objects for the reason his presented different claims are not in connection with his status as a convicted offender." Doc. 27 at 1.

However, both lawsuits essentially claim that plaintiff's being subject to prison rules violates his religious beliefs that he is free. *Compare* Doc. 12 at 21 (alleging that prison's policies violate plaintiff's freedom to believe that "God through Jesus Christ has expunged [his] 'criminal' record and has set [him] and [his] body free from all [his] sins/violations of law and their penalties"), *with Grimes*, 6:23-cv-00406, Doc. 26 at 7 (alleging that "incarceration and application to plaintiff of agency rules" violate his "faith practice of believing Christ has set [him] free"). Based on the court's review of his amended complaint (Doc. 12), even if the claims are not identical, they meet the common-nucleus test for res judicata, along with the other elements, and are thus precluded.

For these reasons, plaintiff's objections are overruled.

## II. Defendant's objections

Defendant Collier does not object to the recommendation to dismiss plaintiff's lawsuit; rather, defendant apologizes for missing the court's deadline and argues that a Rule 11 warning should not issue for the erroneous reliance on Federal Rule of Civil Procedure 41(b) rather than the prisoner mailbox rule in the motion to dismiss. Doc. 28. The docket, however, reflects that the magistrate judge withdrew the recommendation to issue a Rule 11 warning after counsel provided an adequate explanation. Doc. 29. Therefore, defendant's objection is moot; the court finds no basis to impose a Rule 11 sanction at this time.

### III. Conclusion

Having reviewed the magistrate judge's report de novo, the court accepts its findings and recommendations. Defendant's motion to dismiss (Doc. 16) is denied. Plaintiff's lawsuit is dismissed with prejudice as frivolous, for failing to state a claim upon which relief may be granted, and as barred by res judicata. All pending motion are denied as moot.

*So ordered by the court on December 17, 2024.*

J. CAMPBELL BARKER
United States District Judge

- 4 -